IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARIJANE GISH §<br>*Plaintiff,* §<br>§<br>v. §<br>§    CIVIL ACTION NO. 5:17-cv-1014<br>NATIONWIDE PROPERTY AND CASUALTY §<br>INSURANCE COMPANY §<br>*Defendant.* § | |

# NOTICE OF REMOVAL

Defendant Nationwide Property and Casualty Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Marijane Gish v. Nationwide Property and Casualty Insurance Company*; Cause No. 2017CI15394, in the 225th Judicial District of Bexar County, Texas.

## I.
## BACKGROUND

1. Plaintiff Marijane Gish (hereinafter "Plaintiff") initiated the present action by filing her Original Petition, 2017CI15394, in the 225th Judicial District of Bexar County, Texas on August 17, 2017 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendant appeared and answered on September 29, 2017, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a), a copy of all processes, pleadings, and orders served upon Defendant in the State Court Action not otherwise specifically identified as separate exhibits have been incorporated in **Exhibit A**.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through her attorney of record, and to the clerk of the 225th Judicial District of Bexar County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiff is domiciled in Bexar County, Texas.  *See* **Exhibit A**, ¶ II.  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Nationwide Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

10.     Plaintiff's Original Petition states that Plaintiff is seeking monetary relief "maximum of which is over $100,000 but not more than $200,000." *See* Plaintiff's Original Petition, **Exhibit A**, ¶ XI.  The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

11.     Plaintiff further seeks compensation for (1) actual damages, (2) treble damages, (3) 18% penalty interest attorney's fees, (4) putative and exemplary damages, (5) mental anguish damages, (6) pre and post-judgment interest, and (7) attorney's fees. *See* **Exhibit A,** ¶ VII.  Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling her to a trebling of actual damages under Texas Insurance Code Chapter 541.  *See* **Exhibit A,** ¶ VI; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[1]

12.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

13.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000 exclusive of interest and costs, and all requirements for removal under 28 U.S.C. § 1446 have been met.

---

[1] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

14. WHEREFORE, Defendant Nationwide Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

                                        Respectfully submitted,

                                        */s/ Patrick M. Kemp*
                                        Patrick M. Kemp
                                        Texas Bar No. 24043751
                                        pkemp@smsm.com
                                        Robert G. Wall
                                        Texas Bar No. 24072411
                                        rwall@smsm.com
                                        Segal McCambridge Singer & Mahoney
                                        100 Congress Avenue, Suite 800
                                        Austin, Texas 78701
                                        (512) 476-7834
                                        (512) 476-7832 - Facsimile

                                        **ATTORNEYS FOR DEFENDANT NATIONIWDIE PROPERTY AND CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested this the 10th day of October, 2017 to:

Courtney R. Potter                                                   *9414 7266 9904 2061 9337 73*
Ketterman Rowland & Westlund
16500 San Pedro, Suite 302
San Antonio, Texas s78232
courtney.potter@krwlawyers.com

                                        */s/ Patrick M. Kemp*
                                        Patrick M. Kemp