# Exhibit A



**null / ALL**
**Transmittal Number: 17122035**
**Date Processed: 09/11/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Joshua Schonauer<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Nationwide Property And Casualty Insurance Company<br>Entity ID Number  3286574 |
| **Entity Served:** | Nationwide Property and Casualty Insurance Company |
| **Title of Action:** | Marijane Gish vs. Nationwide Property and Casualty Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2017CI15394 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/11/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Ketterman Rowland & Westlund<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

PRIVATE PROCESS

Case Number: 2017-CI-15394

2017CI15394 S00001

**MARIJANE GISH**

**VS.**

**NATIONWIDE PROPERTY AND CASUALTY INSURAN**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION , a default judgment may be taken against you." Said ORIGINAL PETITION was filed on the 17th day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF AUGUST A.D., 2017.

COURTNEY POTTER
ATTORNEY FOR PLAINTIFF
16500 SAN PEDRO 302
SAN ANTONIO, TX 78232



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By : *Edgar Garcia*, Deputy

---

MARIJANE GISH
VS
NATIONWIDE PROPERTY AND CASUALTY INSURAN

**Officer's Return**

Case Number: 2017-CI-15394
Court: 225th Judicial District Court

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION   on the  date  of  delivery  endorsed  on  it  to_____, in  person  on  the  _____  day of_____, 20_____  at  _____  o'clock  ___M.  at:_____  or  (  )  not  executed  because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By :_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

FILED
8/17/2017 4:06 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

citpps sac1

CAUSE NO. **2017CI15394**

| | | |
|---|---|---|
| MARIJANE GISH | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | **225**   JUDICIAL DISTRICT |
| | § | |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff MARIJANE GISH, files this Original Petition against NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY ("NATIONWIDE" or the "INSURANCE DEFENDANT"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Bexar County, Texas.

Defendant NATIONWIDE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- • The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- • The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- • The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin Texas 78701-3218, or wherever else it may be found.

## III.
## JURISDICTION AND VENUE

Venue is appropriate in Bexar County, Texas because all or part of the conduct giving rise to the causes of action were committed in Bexar County, Texas and the Plaintiff and property which is the subject of this suit are located in Bexar County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 2 Kensington Court, San Antonio, Texas 78218 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the

cost of repairs to the Property pursuant to the Policy. INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was

reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

**A.    BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**1.    UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of

misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment

of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by INSURANCE DEFENDANT as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of

INSURANCE DEFENDANT'S mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII.

In addition, as to any exclusion, condition, or defense pled by INSURANCE DEFENDANT, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the INSURANCE DEFENDANT violates the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, INSURANCE DEFENDANT is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## IX.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that INSURANCE DEFENDANT provide the information required in a Request for Disclosure.

## X.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XI.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that INSURANCE DEFENDANT be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against INSURANCE DEFENDANT for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the

judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas  78232
Telephone:     (210) 490-7402
Facsimile:     (210) 490-8372

BY: /s/ Courtney R. Potter
          Courtney R. Potter
          State Bar No. 24098273
          courtney.potter@krwlawyers.com

ATTORNEY FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Marijane Gish v. Nationwide Property and Casualty Insurance Company
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| **Name:** Courtney R. Potter | **Email:** jennifer@krwlawyers.com | **Plaintiff(s)/Petitioner(s):** Marijane Gish | ☒ Attorney for Plaintiff/Petitioner<br>_ *Pro Se* Plaintiff/Petitioner<br>_ Title IV-D Agency<br>_ Other: _____ |
| **Address:** 16500 San Pedro Ave. #302 | **Telephone:** 210-490-4357 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** San Antonio, Texas 78232 | **Fax:** 210-490-8372 | **Defendant(s)/Respondent(s):** Nationwide Property and Casualty Insurance Company | **Custodial Parent:** <br><br>**Non-Custodial Parent:** |
| **Signature:** | **State Bar No:** 24098273 | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

#### Contract

**Debt/Contract**
☒ Consumer/DTPA
_ Debt/Contract
_ Fraud/Misrepresentation
_ Other Debt/Contract:

**Foreclosure**
_ Home Equity—Expedited
_ Other Foreclosure
_ Franchise
_ Insurance
_ Landlord/Tenant
_ Non-Competition
_ Partnership
_ Other Contract:

#### Injury or Damage

_ Assault/Battery
_ Construction
_ Defamation
*Malpractice*
_ Accounting
_ Legal
_ Medical
_ Other Professional Liability

_ Motor Vehicle Accident
_ Premises
*Product Liability*
_ Asbestos/Silica
_ Other Product Liability
List Product: _____

_ Other Injury or Damage: _____

#### Real Property

_ Eminent Domain/ Condemnation
_ Partition
_ Quiet Title
_ Trespass to Try Title
_ Other Property: _____

#### Related to Criminal Matters

_ Expunction
_ Judgment Nisi
_ Non-Disclosure
_ Seizure/Forfeiture
_ Writ of Habeas Corpus— Pre-indictment
_ Other: _____

### Family Law

#### Marriage Relationship

_ Annulment
_ Declare Marriage Void
*Divorce*
_ With Children
_ No Children

#### Other Family Law

_ Enforce Foreign Judgment
_ Habeas Corpus
_ Name Change
_ Protective Order
_ Removal of Disabilities of Minority
_ Other:

#### Post-judgment Actions (non-Title IV-D)

_ Enforcement
_ Modification—Custody
_ Modification—Other

#### Title IV-D

_ Enforcement/Modification
_ Paternity
_ Reciprocals (UIFSA)
_ Support Order

#### Parent-Child Relationship

_ Adoption/Adoption with Termination
_ Child Protection
_ Child Support
_ Custody or Visitation
_ Gestational Parenting
_ Grandparent Access
_ Parentage/Paternity
_ Termination of Parental Rights
_ Other Parent-Child:

#### Employment

_ Discrimination
_ Retaliation
_ Termination
_ Workers' Compensation
_ Other Employment:

#### Other Civil

_ Administrative Appeal
_ Antitrust/Unfair Competition
_ Code Violations
_ Foreign Judgment
_ Intellectual Property

_ Lawyer Discipline
_ Perpetuate Testimony
_ Securities/Stock
_ Tortious Interference
_ Other: _____

### Tax

_ Tax Appraisal
_ Tax Delinquency
_ Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
_ Dependent Administration
_ Independent Administration
_ Other Estate Proceedings

_ Guardianship—Adult
_ Guardianship—Minor
_ Mental Health
_ Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

_ Appeal from Municipal or Justice Court
_ Arbitration-related
_ Attachment
_ Bill of Review
_ Certiorari
_ Class Action

_ Declaratory Judgment
_ Garnishment
_ Interpleader
_ License
_ Mandamus
_ Post-judgment

_ Prejudgment Remedy
_ Protective Order
_ Receiver
_ Sequestration
_ Temporary Restraining Order/Injunction
_ Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:

_ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
_ Less than $100,000 and non-monetary relief
☒ Over $100,000 but not more than $200,000
_ Over $200,000 but not more than $1,000,000
_ Over $1,000,000

Rev 2/13



| Greg Allen TX | David M. Kelner PA, NY, NJ | Robert A. Pollom TX |
|---|---|---|
| Kevin S. Baker TX | Douglas D. Ketterman* TX | Courtney R. Potter TX |
| Philip G. Bernal* TX | Matthew D. Ketterman TX, NM | Jake S. Rogiers TX |
| Bruce Brown LA, MS | Brennan M. Kucera TX, LA | Michael R. Rowland TX |
| Perry J. Dominguez II TX | Desiree Marrufo TX, LA | Brian C. Steward* TX |
| Amy C. Gurecky TX | Chris Mazzola TX | Cole Thompson TX |
| Taylor W. Harper TX | Jessica D. Mendicutti TX | Ryan A. Todd TX, DC |
| Joshua S. Hatley TX | Jay Moore TX | R. Scott Westlund TX |
| Kris Hufstetler TX | Robert E. Mulhearn III LA | |

*Board Certified - Personal Injury Trial Law Texas Board of Legal Specialization

August 17, 2017

Bexar County District Clerk                                              *VIA e-filing*
101 W. Nueva, Suite 217
San Antonio, Texas 78205

     RE:   *Marijane Gish v. Nationwide Insurance Company*

Dear Clerk:

     With regard to the above-referenced matter, please issue one (1) citation for service on the following Defendant:

**Nationwide Insurance Company**
**By serving its registered agent**
**Corporation Service Company**
**211 East 7th Street, Suite 620**
**Austin, Texas 78701**

     We have paid for said citation and copies via e-filing. We will have runners from our office pick up file-stamped Plaintiff's Original Petition and citation. We will perfect service by private process.

     Should you have any questions, please do not hesitate to contact this office at your earliest convenience.

              Respectfully,

              */s/ Alex Trevino*

              Alex Trevino
              Legal Secretary
              San Antonio Office

/at

| MAIN OFFICE - SAN ANTONIO | ABILENE | AUSTIN | BEAUMONT | HOUSTON | LAKE CHARLES | PHILADELPHIA |
|---|---|---|---|---|---|---|
| 16500 SAN PEDRO #302 | 104 PINE ST STE 304 | 701 BRAZOS ST #710 | 755 S 11TH ST #270 | 4801 WOODWAY #155 | 427 KIRBY ST | 1500 JFK BLVD #1730 |
| SAN ANTONIO, TX 78232 | ABILENE, TX 79601 | AUSTIN, TX 78701 | BEAUMONT, TX 77701 | HOUSTON, TX 77056 | LAKE CHARLES, LA 70601 | PHILADELPHIA, PA 19102 |
| P: (210) 490-4357 | P: (325) 437-2424 | P: (855) 579-5299 | P: (855) 579-5299 | P: (855) 579-5299 | P: (855) 579-5299 | P: (855) 579-5299 |
| F: (210) 490-8372 | F: (325) 437-3837 | F: (888) 916-1717 | F: (888) 916-1717 | F: (888) 916-1717 | F: (888) 916-1717 | F: (888) 916-1717 |

KRWLAWYERS.COM

# 68880

| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| BEXAR HAIL | § | |
| | § | BEXAR COUNTY, TEXAS |
| RESIDENTIAL | § | |
| | § | |
| CLAIM LITIGATION | § | CIVIL JUDICIAL DISTRICT COURTS |

## STANDING PRETRIAL ORDER CONCERNING
## BEXAR COUNTY RESIDENTIAL HAIL CLAIMS

This order applies to pretrial matters in residential property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the residential insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 100 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 60 days of the filing of an answer by the residential insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the residence, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the residential insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the



68880

**68880**

insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 60 day time period. The insurance carrier is also ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed. Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same residential insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the residential insurance carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the residential insurance carrier and other defendants may re-inspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

_Michael E. Mery_
Michael Mery, Judge
37th District Court

_Stephani A. Walsh_
Stephani Walsh, Judge
45th District Court

_Antonia Arteaga_
Antonia Arteaga, Judge
57th District Court

_David A. Canales_
David A. Canales, Judge
73rd District Court

2

**68880**

68880

John D. Gabriel, Jr., Judge
131st District Court

Renée Yanta, Judge
150th District Court

Laura Salinas, Judge
166th District Court

Cathleen Stryker, Judge
224th District Court

Peter Sakai, Judge
225th District Court

Richard Price, Judge
285th District Court

Sol Casseb III, Judge
288th District Court

Karen H. Pozza, Judge
407th District Court

Larry Noll, Judge
408th District Court

Gloria Saldaña, Judge
438th District Court

11/30/2016 VOL 4655 PG 1814

68880

# 68880

## AGREED MEDIATION ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Residential Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

  1.  An attorney of record for each party, unless the party is self-represented.

  2.  All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

  3.  A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.


_____
Judge Presiding

68880

4

ROBERT CHAPA
1314 KILDORAN CT
SAN ANTONIO, TX 78253

CERTIFIED MAIL®

7016 1970 0000 2584 6802

1000

78701

U.S. POSTAGE
PAID
SAN ANTONIO, TX
78204
SEP 07, 17
AMOUNT
**$7.71**
R2306Y152323-19

Nationwide Property and Casualty Ins. Co.
Corporation Service Company
211 East 7th Street, Suite 620
Austin, TX 78701-3218